[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendant's motion to modify dated October 23, 2001 (#137) is granted as follows:
There have been substantial changes of circumstances since the dissolution of marriage on January 12, 1998. The defendant lost his job in April 2001 due to circumstances beyond his control. He has made a diligent effort to obtain new employment at a salary comparable to that which he was making at the time of the dissolution, i.e., approximately CT Page 2642 $90,000. However, he has been unsuccessful in finding comparable employment. He has just begun to look for jobs at substantially lower salaries. He must continue to do so. Even earning substantially less than $90,000 he could afford to pay alimony of $350 per week. Although the defendant has not found a new job, the court will ascribe to him a temporary capacity to immediately be employed for 40 hours per week at $10 per hour.
The defendant's severance pay ran out in October 2001 and his unemployment ran out in November 2001. He has not had any employment income since April. He did receive gifts from his father. In December 2001 he received $10,000 directly, and $7,660 indirectly in the payment for hair transplant surgery. These gifts are part of a regular plan of gifting which can be expected to continue. The defendant also has a small amount of interest and dividend income. He also has retirement assets with a value of $1,141,617. He could draw on these funds, but not without penalty until age 59-1/2. He is presently 57 years old. He had sufficient funds to pay $2,500 toward the rental of a summer cottage for which he still owes $1,920 before summer.
The plaintiff's income has changed since the dissolution as well. She worked about 20 hours per week at $8.50 per hour. She no longer works. She is still capable of working at low stress jobs despite taking medicine for depression and anxiety. The court will ascribe to her a capacity to be employed for 20 hours per week at $8.50 per hour. She now owns a home on a golf course in Lake Placid, New York which has income potential as a rental during the summer and during the Christmas holidays. She has had one rental, the income from which averages out to $65.76 per week.
Based upon these changes of circumstances, the alimony should be reduced temporarily to $175 per week, effective immediately. This change will not be retroactive. The defendant is ordered to notify the plaintiff within 48 hours of his becoming employed. If the defendant does not become employed sooner, this decision will be reviewed on Monday, May 6, 2002 at 2:00 p.m. The defendant is ordered to appear with evidence of his efforts to be employed. The defendant is bitter about having to continue to pay alimony. But, he agreed to pay it as part of the dissolution agreement. There is no reason why he cannot return to employment at a level which will enable him to pay $350 per week.
The motion to modify the judgment to reduce the defendant's obligation to provide $350,000 of life insurance is denied. It is significant that the following words were crossed out of the life insurance provision of the separation agreement: ". . . so long as there is an alimony or child support obligation. " The language and structure of this provision CT Page 2643 indicates that it was made pursuant to Section 46b-81 and Was intended as a property settlement to benefit the plaintiff. Billings v. Billings,54 Conn. App. 142, 149-151 (1999). Therefore, this award is nonmodifiable.
John W. Pickard, J.